3.   All existing ducts to be removed.

4.   Install combination fire and smoke dampers at supply and return duct shaft penetrations, where ducts penetrate floor or rated core walls.  Check and repair purge system.

Electrical Systems

1.   Landlord to deliver six and one-half (6½) watts per RSF, excluding HVAC, on a connected load basis to panels at the locations in the existing electric closets.

2.   Landlord to install a submeter(s) within the Tenant premises to measure Tenant's electric consumption, at Landlord's cost.

3.   Landlord shall remove existing branch circuit conductors.

4.   Conduit penetrations through fire-rated partitions shall be "fire caulked".  Fire-caulk existing rated penetrations.  Panels where used for pull boxes shall be removed.

5.   Landlord shall replace the existing 277/480 V panels with panels rated for higher voltage, if required, as directed by Landlord's engineer.

6.   Landlord will provide required fire safety points.

7.   Ventilate rooms containing transformers to meet local and national codes.

Security Access System

Landlord has installed a card access reader system at North and East building lobby entrances.  Currently Landlord's charge to tenants is $15.00 per card.

Communication Systems & Telecommunications Access

1.   Tenant will be responsible for maintenance and management of all existing risers and duct facilities, inside Tenant's premises.

2.   All existing communications closets to be cleaned, patched and painted. Any old cabling and panels shall be removed.

Elevator and Escalators

All elevators are in good working order and maintained by Landlord.

<u>Demolition</u>

Landlord to complete demolition throughout premises and deliver in broom clean condition.

<u>To be performed following Commencement Date, Prior to Occupancy.</u>

<u>HVAC Systems</u>

Inductor cabinet panels that are damaged to be repaired in a manner similar to those in the North Building Premises.

<u>Fire and Life Safety</u>

1.    All common areas to meet all local, state and federal codes for fire and life safety. Landlord to provide expander panels (as necessary), access to fire and life safety systems for "tie-ins" by Tenant for the quantities of devices within its premises.

2.    Tenant shall hire, at its expense, the building Fire and Life Safety contractor for its work to be performed on the fire and life safety systems.

<u>Miscellaneous</u>

1.    Tenant's contractor and subcontractors shall receive free parking in a designated area during construction of the tenant's initial improvements.

2.    Landlord shall complete all existing door reconfigurations at the existing stairs in the East Building. Construction costs in connection with this item shall be borne by Landlord.

3.    All asbestos has been removed. Landlord will deliver to Tenant certification report of asbestos removal.

4.    Landlord fee or charges for expansion work shall not exceed Landlord's actual costs.

<u>To be performed following Tenant's occupancy of Demised Premises</u>

<u>Common Areas Columns, Perimeter Conditions and Building Core.</u>

Landlord has completed all patching, painting and cleaning of stairwells in connection with this Amendment. Landlord and Tenant to inspect prior to Tenant's construction.

Perimeter Window Coverings

Within sixty days after Tenant's occupancy of the entire demised premises, Landlord to furnish building standard window blinds.

2.    Tenant acknowledges that Landlord may be delayed in substantially completing the Base Building Work to be performed by Landlord under Article 1 of this Schedule B, as a result of:

(i)    Tenant's request for materials, finishes or installations other than Landlord's building standard; or

(ii)    Delays in the completion of work performed on behalf of Tenant by a person, firm or corporation employed by Tenant; or

(iii) Any unreasonable interference by Tenant, therefore the Effective Date of the Agreement shall be accelerated by the number of days that substantial completion has been delayed by reason of the foregoing.

3.    Following Landlord's installation of any ceiling materials, if by reason of any work performed by or on behalf of Tenant any of the ceiling materials are damaged and/or removed by Tenant's contractor, such damaged ceiling materials shall be replaced by Landlord at the expense of Tenant.

4.    Landlord will permit Tenant and its agents to perform through its own contractors, to be first approved by Landlord, Tenant's initial work and installations at the same time that Landlord's contractors are working in the space.  The foregoing license to perform such work is conditioned upon Tenant's workmen and mechanics working in harmony and not interfering with the labor employed by Landlord, Landlord's mechanics or contractors or by any other tenants or their contractors.  If at any time such entry shall cause disharmony or interference therewith, this license may be withdrawn by Landlord upon 24 hours notice to Tenant.

Workers' compensation and public liability insurance and property damage insurance, all in amounts and with companies and on forms reasonably satisfactory to Landlord, shall be provided and at all  times maintained by Tenant's contractors engaged in the performance of the work, and before proceeding with the work, certificates of such insurance shall be furnished to Landlord.

Such entry shall be deemed to be under all of the terms, covenants, and conditions of the Lease except as to the covenant to pay minimum rent or additional rent.  Landlord shall not be liable in any way for any injury, loss or damage which may

9

occur to any of Tenant's decorations or installations so made, the same being solely at Tenant's risk, unless due to the negligence or willful misconduct of Landlord, its agents, contractors or employees.

WESTCHESTER BUILDING COMPANY, LLC
By:    West Building Corp.
       its managing member

By:    _____
       Charles Steven Cohen, President

Accepted by:

AMERIQUEST MORTGAGE COMPANY

By:    _____
       Name: Abe Darwish
       Title: VP of Real Estate & Facilities

10

## EFFECTIVE DATE AGREEMENT

AGREEMENT dated as of this 13th day of August, 2003 between, Westchester Building Company, LLC, a New York limited liability company, having an office at 750 Lexington Avenue, New York, New York 10022, hereinafter referred to as "Landlord," and Ameriquest Mortgage Company, having an office at 1100 Town And Country Road, Suite 410, Orange, California 92868, hereinafter referred to as "Tenant".

## WITNESSETH:

WHEREAS, the parties hereto did enter into a First Amendment of Lease (the "Amendment") dated the 30th day of July, 2003, whereby Landlord leased and demised unto Tenant the entire second floor (the "Additional Premises") in the East Building at 333 Westchester Avenue, White Plains, New York as more fully described in said Lease; and

WHEREAS, Landlord has substantially completed the Base Building Work in the Additional Premises on August 13, 2003, as provided in paragraph 2 of the Amendment; and

WHEREAS, pursuant to the provisions of said Amendment, the parties agreed to execute an agreement confirming the Effective Date of the Amendment.

NOW THEREFORE, the parties hereto agree and acknowledge that the Effective Date of said Amendment shall be the 13th day of August, 2003.

The undersigned, does hereby represent that he is authorized to execute this Agreement for and on behalf of Tenant.

IN WITNESS WHEREOF, the Landlord and Tenant have respectively signed this Effective Date Agreement as of the day and year first above written.

WESTCHESTER BUILDING COMPANY, LLC
By:    Westchester Building Corp.
       its managing member

BY: _____
       Charles Steven Cohen, President

AMERIQUEST MORTGAGE COMPANY

BY: _____
       Name:
       Title:    ABE DARWISH
                 V.P. FACILITIES & R.E.

COMMENCEMENT AGREEMENT

## SECOND AMENDMENT OF LEASE

AGREEMENT dated as of this 30th day of July, 2003, between WESTCHESTER BUILDING COMPANY, LLC, a New York limited liability company having an office at 750 Lexington Avenue, New York, New York 10022 ("Landlord") and AMERIQUEST MORTGAGE COMPANY, a Delaware corporation having an office at 1100 Town & Country Road, Suite 410, Orange, California 92868 ("Tenant").

### W I T N E S S E T H :

WHEREAS, Landlord and Tenant have heretofore entered into a lease dated February 18, 2003 as amended by a First Amendment dated July 30, 2003 (collectively, the "Lease") for the entire ground, 1st and 2nd floors in the North Building and the entire 2nd floor in the East Building (collectively, the "Existing Premises") at 333 Westchester Avenue, White Plains, New York (the ⸳⸳⸳⸳ ⸳⸳ ng Project"); and

WHEREAS, Tenant has exercised its option, pursuant to the provisions of Section 40.01 of the Lease, to lease the entire terrace level (the "Additional Premises") in the North Building of the Building Project, subject to and upon the terms and conditions hereinafter provided.

NOW THEREFORE, in consideration of the premises and the mutual covenants hereinafter provided, Landlord and Tenant agree as follows:

1.    Except as otherwise herein defined, all terms contained in this Agreement shall for the purposes hereof have the same meaning ascribed to them in the Lease.

2.    Landlord hereby leases to Tenant and Tenant hereby hires from Landlord the Additional Premises (which shall include the lobby area), as shown crosshatched on the floor plan attached hereto as Schedule A, and consisting of 38,907 rentable square feet (as set forth in Section 40.01) for the term commencing on the date (the "Effective Date") that the portion of the Base Building Work in the terrace level part of the Additional Premises, as provided in Schedule B attached hereto and therein designated "To be performed prior to Commencement Date", has been substantially completed and ending on the Expiration Date of the Lease, unless sooner terminated as provided in the Lease.  Landlord's Base Building Work shall be performed subject to and in compliance with the applicable provisions of Section 2.01 and Schedule B.  Such Additional Premises is hereby added to and made part of the Premises and wherever the words "Demised Premises" are referred to in the Lease they shall be deemed to mean the Existing Premises and the Additional Premises.

3.    (a)    Tenant has examined and agrees to accept the Additional Premises on the Effective Date in its present "as is" condition, except for Landlord's Base Building Work as set forth in Schedule "B" and Landlord's then applicable representations, warranties and covenants set forth in the Lease.

(b)    If, prior to the Effective Date, Tenant shall enter the Additional Premises to make any installations, Landlord shall have no liability or obligation for the care or

{J0016078 1}                                            1

preservation of Tenant's property, except for the negligence of Landlord, its agents, servants and employees.

4.    Commencing from and after the Effective Date, with respect only to the Additional Premises, the amount of the minimum rent payable in Section 3.01(a) shall be at the rate of $894,861.00 per annum (or $74,571.75 per month) provided if the Effective Date is other than the first day of the month, then the minimum rent for such month shall be prorated based on the number of days in such calendar month. Notwithstanding the foregoing and provided Tenant is not then in default under any of the provisions of the Lease on its part to be performed, Tenant shall be entitled to an abatement of the minimum rent only for the Additional Premises in the amount of $74,571.75 for each of the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 17th and 18th month of the term following the Effective Date. Tenant has previously paid to Landlord the amount of $74,571.75 which shall be applied to payment of the minimum rent for the 9th month of the term succeeding the Effective Date.

5.    Except for Landlord's Base Building Work , Tenant agrees to perform the initial work and installations required to make the Additional Premises suitable for the conduct of Tenant's business, subject to and in compliance with the provisions of Article 39. Tenant, at its expense, has delivered to Landlord, for Landlord's approval, the plans and specifications for Tenant's initial work. Such approval process shall be as provided in Article 39. The amount of the Landlord's Initial Contribution toward reimbursement of the cost of such work shall be up to the sum of $1,069,942.25 of which soft costs shall not exceed $97,267.50. Such Landlord's Initial Contribution shall be subject to and payable in the manner as provided in Section 39.01. After Tenant has actually paid thirteen (13) installments of minimum rent for such Additional Premises, the amount of Landlord's Additional Contribution under Section 39.02 shall be up to the sum of $97,267.50, subject to and payable in the manner as provided in Section 39.02.

6.    In Section 22.01(a), commencing from and after the Effective Date, with respect to all of the Existing Premises and the Additional Premises, in subdivision (i), the term "Tax Base Factor" shall mean as therein provided; and in subdivision (v), the term "the Percentage" shall mean 32.988%.

7.    In Section 22.02(a), commencing from and after the Effective Date, with respect to all of the Existing Premises and the Additional Premises, in subdivision (i), the term "Expense Base Factor" shall mean as therein provided; and in subdivision (iii), the term "the Percentage" shall mean 32.988%.

8.    Landlord and Tenant represent and warrant that they had no dealings or negotiations with any brokers or agents, other than Colliers ABR, Inc., Cushman & Wakefield of Connecticut, Inc. and Cohen Brothers Realty Corporation, in connection with this Agreement. Landlord will pay said brokers a commission pursuant to separate agreements. Landlord and Tenant agree to indemnify and hold harmless the other from and against any cost, expense or liability for any compensation, commissions or charges arising out of a breach by it of the representations contained in this paragraph.

9.    Except as modified by this Amendment, the Lease and all the terms, covenants and condition thereof (except those which by their terms are no longer applicable) shall remain in full force and effect and are hereby in all respects ratified and confirmed.

IN WITNESS WHEREOF, Landlord and Tenant have executed this Agreement on the day and year first written above.

WESTCHESTER BUILDING COMPANY, LLC

By:    West Building Corp.
       its managing member

By:    _____
       Charles Steven Cohen, President

AMERIQUEST MORTGAGE COMPANY

By:    _____
       Name: Karen Christensen
       Title: CFO

## SCHEDULE A

TERRACE LEVEL



## SCHEDULE B

Work

Lease

Between

Westchester Building Company, LLC,

As Landlord

and

AMERIQUEST MORTGAGE COMPANY,

As Tenant

Relating to the entire Terrace floor in North Building
333 Westchester Avenue, White Plains, New York

1.    Landlord, at Landlord's expense, and without deduction from Landlord's Aggregate Contribution (as defined in Section 39.02), except as otherwise specified in this Schedule B and the Lease, will perform and install the following base building work and installations (Base Building Work"), all of which work shall be performed in compliance with all laws (to the extent applicable) and shall be of material, manufacture, design, capacity, finish and color of the building standard adopted by Landlord for the Building, except as otherwise set forth in said plans and specifications:

### Base Building Documentation

Tenant acknowledges that all drawings have been sent to Tenant's architect.

To be performed prior to Commencement Date:

### Masonry

1.    Close up shaft areas between Tenant's space and shaft.

2.    Repair damage caused by asbestos removal (as necessary).

3.    All concrete block shafts walls shall go to deck above.

### Common Areas Columns, Perimeter Conditions and Building Core.

1.    All existing mechanical and existing electrical closets to be cleaned and painted in building standard manner.



2.  The inside face perimeter walls, sills and soffits shall be framed, drywalled, insulated, spackled, finished, taped and sanded from slab to finish ceiling ready for paint. "Level 4" finish to be completed by Tenant's contractor. Landlord shall provide a credit to Tenant in connection with completion of "Level 4" finish of up to 50% of the cost associated with it. The cost of the completion of "Level 4" finish shall be agreed to prior to the commencement of the work.

3.  Furnish and install convector covers where necessary.

4.  Elevator and core walls shall be framed, drywalled, spackled, finished, taped and sanded from slab to underside of ceiling slab and ready for paint. "Level 4" finish to be completed by Tenant's contractor. Landlord shall provide a credit to Tenant in connection with completion of "Level 4" finish of up to 50% of the cost associated with it. The cost of the completion of "Level 4" finish shall be agreed to prior to the commencement of the work.

Toilet Rooms

1.  Renovate in building standard colors, (to be the same colors as in the North Building) materials, finishes and design, restrooms, including new fixtures, new toilet partitions, new countertops and new tiles.

2.  If an ADA restroom (s) is required by City or State Code, Landlord will provide restroom(s) with finishes comparable to those in the North Building (the "Initial Premises"). Please note that it shall not be necessary for this item to be completed in order for the Effective Date to commence. However, the Landlord shall be required to complete this item before Tenant takes occupancy of the Additional Premises.

HVAC Systems

1.  Main supply trunks and return trunks are currently existing. All distribution shall be by Tenant, at its expense, including but not limited to, branches, thermostats, controls and similar devices and equipment.

2.  All existing induction unit water control valves to be refurbished and provided in good working condition.

3.  Replace any damaged existing insulation on Terrace floor main duct off main takeoff. All existing ducts to be removed.

4.  Install combination fire and smoke dampers at supply and return duct shaft penetrations, where ducts penetrate floor or rated core walls. Check and repair HVAC purge system.

Electrical Systems

1.  Landlord to deliver six and one-half (6½) watts per RSF, excluding HVAC, on a connected load basis to panels at the locations in the existing electric closets.

2.  Landlord to install a submeter(s) within the Tenant premises to measure Tenant's electric consumption, at Landlord's cost.

3.  Remove existing branch circuit conductors.

4.  Conduit penetrations through fire-rated partitions shall be "fire caulked". Fire-caulk existing rated penetrations. Panels where used for pull boxes shall be removed.

5.  Landlord shall replace the existing 277/480 V panels with panels rated for higher voltage, if required, as directed by Landlord's engineer.

6.  Landlord will provide required fire safety points.

7.  Ventilate rooms containing transformers to meet local and national codes.

## Security Access System

Landlord has installed a card access reader system at North and East building lobby entrances. Currently Landlord's charge to tenants is $15.00 per card.

## Communication Systems & Telecommunications Access

1.  Landlord shall fumigate and securely fasten the covers on the existing walker duct system.

2.  Tenant will be responsible for maintenance and management of all existing risers and duct facilities, inside Tenant's premises.

3.  All existing communications closets to be cleaned, patched and painted. Old cabling and panels to be removed by Landlord.

## Elevator and Escalators

All elevators and escalators are in good working order and maintained by Landlord.

## Demolition

Landlord to complete demolition throughout the West side of the Additional Premises only and deliver in broom clean condition. Landlord shall not be responsible for any delays in connection with the Tenant's contractor interfering in the performance of this item (i.e. Tenant's contractor must remove all of its equipment including, but not limited to toolboxes, etc. Tenant's contractor to leave the area in broom clean condition so that Landlord can perform its work in connection with this item.

## To be performed following Commencement Date, Prior to Occupancy

## HVAC Systems

Inductor cabinet panels that are damaged to be replaced.

Fire and Life Safety

1.   All common areas to meet all local, state and federal codes for fire and life safety. Landlord to provide expander panels (as required) and access to fire and life safety systems for "tie-ins" by Tenant for the quantities of devices within its premises.

2.   Tenant shall hire, at its expense, the building Fire and Life Safety contractor for its work to be performed on the fire and life safety systems.

Miscellaneous

1.   Tenant's contractor and subcontractors shall receive free parking in a designated area during construction of the tenant's initial improvements.

2.   Landlord shall complete all existing door reconfigurations at the existing stairs in the North Building. Construction costs in connection with this item shall be borne by Landlord.

3.   All asbestos has been removed. Landlord will deliver to Tenant certification report of asbestos removal.

4.   Landlord fee or charges for expansion work shall not exceed Landlord's actual costs.

## To be performed following Tenant's occupancy of Demised Premises .

## Common Areas Columns, Perimeter Conditions and Building Core.

Within thirty days after Tenant's occupancy of the entire Additional Premises, all common areas including exit stairwells to be cleaned, repaired and painted to building standard by Landlord to meet Tenant's reasonable approval.

## Perimeter Window Coverings

Within sixty days after Tenant's occupancy of the entire Additional Premises, Landlord to furnish building standard window blinds.

2.   Tenant acknowledges that Landlord may be delayed in substantially completing the Base Building Work to be performed by Landlord under Article 1 of this Schedule B, as a result of:

(i)   Tenant's request for materials, finishes or installations other than Landlord's building standard; or

(ii)   Delays in the completion of work performed on behalf of Tenant by a person, firm or corporation employed by Tenant; or

(iii)   Any unreasonable interference by Tenant.

Therefore the Effective Date of the Agreement shall be accelerated by the number of days that substantial completion has been delayed by reason of the foregoing.

3.    Following Landlord's installation of any ceiling materials, if by reason of any work performed by or on behalf of Tenant any of the ceiling materials are damaged and/or removed by Tenant's contractor, such damaged ceiling materials shall be replaced by Landlord at the expense of Tenant.

4.    Landlord will permit Tenant and its agents to perform through its own contractors, to be first approved by Landlord, Tenant's initial work and installations at the same time that Landlord's contractors are working in the space.  The foregoing license to perform such work is conditioned upon Tenant's workmen and mechanics working in harmony and not interfering with the labor employed by Landlord, Landlord's mechanics or contractors or by any other tenants or their contractors.  If at any time such entry shall cause disharmony or interference therewith, this license may be withdrawn by Landlord upon 24 hours notice to Tenant.

Workers' compensation and public liability insurance and property damage insurance, all in amounts and with companies and on forms reasonably satisfactory to Landlord, shall be provided and at all times maintained by Tenant's contractors engaged in the performance of the work, and before proceeding with the work, certificates of such insurance shall be furnished to Landlord.

Such entry shall be deemed to be under all of the terms, covenants, and conditions of the Lease except as to the covenant to pay minimum rent or additional rent.  Landlord shall not be liable in any way for any injury, loss or damage which may occur to any of Tenant's decorations or installations so made, the same being solely at Tenant's risk, unless due to the negligence or willful misconduct of Landlord, its agents, contractors or employees.

WESTCHESTER BUILDING COMPANY, LLC

By:    West Building Corp.
       its managing member

BY:    _____
       Charles Steven Cohen, President

AMERIQUEST MORTGAGE COMPANY
BY:    _____
Name:  KAREN CHRISTENSEN
Title: CFO

## EFFECTIVE DATE AGREEMENT

AGREEMENT dated as of this 17th day of September, 2003 between, Westchester Building Company, LLC, a New York limited liability company, having an office at 750 Lexington Avenue, New York, New York 10022, hereinafter referred to as "Landlord," and Ameriquest Mortgage Company, having an office at 1100 Town And Country Road, Suite 410, Orange, California 92868, hereinafter referred to as "Tenant".

### W I T N E S S E T H :

WHEREAS, the parties hereto did enter into a Second Amendment of Lease (the "Amendment") dated as of the 30th day of July, 2003, whereby Landlord leased and demised unto Tenant the entire terrace level (the "Additional Premises") in the North Building at 333 Westchester Avenue, White Plains, New York as more fully described in said Amendment; and

WHEREAS, Landlord has substantially completed the Base Building Work in the Additional Premises on September 17, 2003, as provided in paragraph 2 of the Amendment; and

WHEREAS, pursuant to the provisions of said Amendment, the parties agreed to execute an agreement confirming the Effective Date of the Amendment.

NOW THEREFORE, the parties hereto agree and acknowledge that the Effective Date of said Amendment shall be the 17th day of September, 2003.

The undersigned, does hereby represent that he is authorized to execute this Agreement for and on behalf of Tenant.

IN WITNESS WHEREOF, the Landlord and Tenant have respectively signed this Effective Date Agreement as of the day and year first above written.

**WESTCHESTER BUILDING COMPANY, LLC**
By:     Westchester Building Corp.
        its managing member

BY:     _____
        Charles Steven Cohen, President

**AMERIQUEST MORTGAGE COMPANY**

BY:     _____
        Name: Karen Christensen
        Title: CFO

{10016082.1}

## THIRD AMENDMENT OF LEASE

AGREEMENT dated as of this 30th day of July , 2003, between WESTCHESTER BUILDING COMPANY, LLC, a New York limited liability company having an office at 750 Lexington Avenue, New York, New York 10022 ("Landlord") and AMERIQUEST MORTGAGE COMPANY, a Delaware corporation having an office at 1100 Town & Country Road, Suite 410, Orange, California 92868 ("Tenant").

## W I T N E S S E T H:

WHEREAS, Landlord and Tenant have heretofore entered into a lease dated February 18, 2003 as amended by a First Amendment dated , 2003 and Second Amendment dated , 2003, (collectively, the "Lease") for the entire ground, 1st and 2nd floors and the entire terrace level in the North Building and the entire 2nd floor in the East Building (collectively, the "Existing Premises") at 333 Westchester Avenue, White Plains, New York (the "Building Project"); and

WHEREAS, Tenant has exercised its option, pursuant to the provisions of Section 40.01 of the Lease, to lease the entire ground floor (the "Additional Premises") in the East Building of the Building Project, subject to and upon the terms and conditions hereinafter provided.

NOW THEREFORE, in consideration of the premises and the mutual covenants hereinafter provided, Landlord and Tenant agree as follows:

1. Except as otherwise herein defined, all terms contained in this Agreement shall for the purposes hereof have the same meaning ascribed to them in the Lease.

2. Landlord hereby leases to Tenant and Tenant hereby hires from Landlord the Additional Premises, as shown crosshatched on the floor plan attached hereto as Schedule A, and consisting of 29,757 rentable square feet (as set forth in Section 40.01) for the term commencing on the date (the "Effective Date") that the portion of the Base Building Work in the Additional Premises, as provided in Schedule B attached hereto and therein designated "To be performed prior to Commencement Date", has been substantially completed and ending on the Expiration Date of the Lease, unless sooner terminated as provided in the Lease. Landlord's Base Building Work shall be performed subject to and in compliance with the applicable provisions of Section 2.01 and Schedule B. Such Additional Premises is hereby added to and made part of the Premises and wherever the words "Demised Premises" are referred to in the Lease they shall be deemed to mean the Existing Premises and the Additional Premises.

3.    (a)    Tenant has examined and agrees to accept the Additional Premises on the Effective Date in its present "as is" condition, except for Landlord's Base Building Work as set forth in Schedule "B" and Landlord's then applicable representations, warranties and covenants set forth in the Lease.

(b)    If, prior to the Effective Date, Tenant shall enter the Additional Premises to make any installations, Landlord shall have no liability or obligation for the care or preservation of Tenant's property, except for the negligence of Landlord, its agents, servants and employees.

4.    Commencing from and after the Effective Date, with respect only to the Additional Premises, the amount of the minimum rent payable in Section 3.01(a) shall be at the rate of $684,411.00 per annum (or $57,034.25 per month) provided if the Effective Date is other than the first day of the month, then the minimum rent for such month shall be prorated based on the number of days in such calendar month. Notwithstanding the foregoing and provided Tenant is not then in default under any of the provisions of the Lease or its part to be performed, Tenant shall be entitled to an abatement of the minimum rent only for the Additional Premises in the amount of $57,034.25 for each of the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 17th and 18th month of the term following the Effective Date. However, Tenant shall pay to Landlord the amount of $57,034.25 upon the execution of this Amendment which shall be applied to payment of the minimum rent for the 9th month of the term succeeding the Effective Date.

5.    Except for Landlord's Base Building Work, Tenant agrees to perform the initial work and installations required to make the Additional Premises suitable for the conduct of Tenant's business, subject to and in compliance with the provisions of Article 39. Tenant, at its expense, agrees to deliver to Landlord, for Landlord's approval, the plans and specifications for Tenant's initial work within thirty (30) days from the date of this Amendment, and upon failure to do so, the Effective Date shall be accelerated one (1) day for each day thereafter until the date such plans and specifications have been delivered to Landlord. Such approval process shall be as provided in Article 39. The amount of Landlord's Initial Contribution toward reimbursement of the cost of such work shall be up to the sum of $818,317.50 of which soft costs shall not exceed $74,392.50. Such Landlord's Initial Contribution shall be subject to and payable in the manner as provided in Section 39.01. After Tenant has actually paid thirteen (13) installments of minimum rent for such Additional Premises, the amount of Landlord's Additional Contribution under Section 39.02 shall be up to the sum of $74,392.50, subject to and payable in the manner as provided in Section 39.02.

6.    In Section 22.01(a), commencing from and after the Effective Date, with respect to all of the Demised Premises (inclusive of the Additional Premises), in subdivision (i), the term "Tax Base Factor" shall mean as therein provided; and in subdivision (v), the term "the Percentage" shall mean 38.452%.

2

7.    In Section 22.02(a), commencing from and after the Effective Date, with respect to all of the Demised Premises (inclusive of the Additional Premises), in subdivision (i), the term "Expense Base Factor" shall mean as therein provided; and in subdivision (iii), the term "the Percentage" shall mean 38.452%.

8.    Landlord and Tenant represent and warrant that they had no dealings or negotiations with any brokers or agents, other than Colliers ABR, Inc., Cushman & Wakefield of Connecticut, Inc. and Cohen Brothers Realty Corporation, in connection with this Agreement. Landlord will pay said brokers a commission pursuant to separate agreements. Landlord and Tenant agree to indemnify and hold harmless the other from and against any cost, expense or liability for any compensation, commissions or charges arising out of a breach by it of the representations contained in this paragraph.

9.    Except as modified by this Amendment, the Lease and all the terms, covenants and condition thereof (except those which by their terms are no longer applicable) shall remain in full force and effect and are hereby in all respects ratified and confirmed.

IN WITNESS WHEREOF, Landlord and Tenant have executed this Agreement on the day and year first written above.

WESTCHESTER BUILDING COMPANY, LLC

By:    West Building Corp.
       its managing member

By:    _____
       Charles Steven Cohen, President

AMERIQUEST MORTGAGE COMPANY

By:    _____
       Name:  Abe Darwish
       Title: Director of Real Estate & Facilities
              VP

H:\rcollazo\myfiles\Westchester\amendments\AMERIQUEST 3rd AMENDMENT.07.07 03.wpd

3

SCHEDULE A

FLOOR PLAN



4

<u>SCHEDULE B</u>

Work

Lease

Between

Westchester Building Company, LLC,

As Landlord

and

AMERIQUEST MORTGAGE COMPANY,

As Tenant

Relating to the entire Ground floor in East Building
333 Westchester Avenue, White Plains, New York

    1.    Landlord, at Landlord's expense, and without deduction from Landlord's Aggregate Contribution, except as otherwise specified in this Schedule B and the Lease, will perform and install the following base building work and installations (Base Building Work"), all of which work shall be performed in compliance with all laws (to the extent applicable) and shall be of material, manufacture, design, capacity, finish and color of the building standard adopted by Landlord for the Building, except as otherwise set forth in said plans and specifications:

<u>Base Building Documentation</u>

    Tenant acknowledges that all drawings have been sent to Tenant's architect.

<u>To be performed prior to Commencement Date</u>:

<u>Masonry</u>

1.    Close up shaft areas between Tenant space and shaft.

2.    Repair damage caused by asbestos removal (if necessary).

5

3. All concrete block shafts walls shall go to deck above.

Common Areas Columns, Perimeter Conditions and Building Core.

1. All existing mechanical and existing electrical closets to be cleaned and painted in building standard manner.

2. Furnish and install convector covers where necessary.

3. The inside face perimeter walls , sills, soffits, shall be framed, dry-walled, insulated, spackled, finished, taped and sanded from slab to finished ceiling and ready for paint.

   "Level 4" finish to be completed by Tenant's contractor.

4. Elevator and core walls shall be framed, drywalled, spackled, finished, taped and sanded from the slab to the underside of the ceiling slab and ready for paint.

   "Level 4" finish to be completed by Tenant's contractor.

Toilet Rooms

1. Renovate in building standard colors, (to be the same colors as in the Existing Premises in the North Building) materials, finishes and design, restrooms, including new fixtures, new toilet partitions, new countertops and new tiles. Please note that it shall not be necessary for this item to be completed in order for the Effective Date to commence. However, the Landlord shall be required to complete this item before Tenant takes occupancy of the Additional Premises.

2. If an ADA bathroom(s) is(are) required by City or State Code, Landlord shall provide one (1) unisex ADA compliant bathroom with finishes in accordance with the ADA bathroom located the in the second floor of the North Building . Please note that it shall not be necessary for this item to be completed in order for the Effective Date to commence. However, the Landlord shall be required to complete this item before Tenant takes occupancy of the Additional Premises.

HVAC Systems

1. Main supply trunks and return trunks are currently existing.  All distribution shall be by Tenant, at its expense, including but not limited to, branches, thermostats, controls and similar devices and equipment.

2. All existing induction unit water control valves to be refurbished and provided in good working condition.

6

Demolition

Landlord to complete demolition throughout premises and deliver in broom clean condition.

## To be performed following Commencement Date, Prior to Occupancy.

HVAC Systems

Inductor cabinet panels that are damaged to be repaired in a manner similar to those in the North Building Premises.

Fire and Life Safety

1.   All common areas to meet all local, state and federal codes for fire and life safety. Landlord to provide expander panels (as necessary), access to fire and life safety systems for "tie-ins" by Tenant for the quantities of devices within its premises.

2.   Tenant shall hire, at its expense, the building Fire and Life Safety contractor for its work to be performed on the fire and life safety systems.

Miscellaneous

1.   Tenant's contractor and subcontractors shall receive free parking in a designated area during construction of the tenant's initial improvements.

2.   Landlord shall complete all existing door reconfigurations at the existing stairs in the East Building. Construction costs in connection with this item shall be borne by Landlord.

3.   All asbestos has been removed. Landlord will deliver to Tenant certification report of asbestos removal.

4.   Landlord fee or charges for expansion work shall not exceed Landlord's actual costs.

## To be performed following Tenant's occupancy of Demised Premises

Common Areas Columns, Perimeter Conditions and Building Core.

Landlord has completed all patching, painting and cleaning of stairwells in connection with this Amendment. Landlord and Tenant to inspect prior to Tenant's construction.

8

Perimeter Window Coverings

Within sixty days after Tenant's occupancy of the entire Additional Premises, Landlord to furnish building standard window blinds.

2.    Tenant acknowledges that Landlord may be delayed in substantially completing the Base Building Work to be performed by Landlord under Article 1 of this Schedule B, as a result of:

(i)    Tenant's request for materials, finishes or installations other than Landlord's building standard; or

(ii)    Delays in the completion of work performed on behalf of Tenant by a person, firm or corporation employed by Tenant; or

(iii)  Any unreasonable interference by Tenant, therefore the Effective Date of the Agreement shall be accelerated by the number of days that substantial completion has been delayed by reason of the foregoing.

3.    Following Landlord's installation of any ceiling materials, if by reason of any work performed by or on behalf of Tenant any of the ceiling materials are damaged and/or removed by Tenant's contractor, such damaged ceiling materials shall be replaced by Landlord at the expense of Tenant.

4.    Landlord will permit Tenant and its agents to perform through its own contractors, to be first approved by Landlord, Tenant's initial work and installations at the same time that Landlord's contractors are working in the space.  The foregoing license to perform such work is conditioned upon Tenant's workmen and mechanics working in harmony and not interfering with the labor employed by Landlord, Landlord's mechanics or contractors or by any other tenants or their contractors.  If at any time such entry shall cause disharmony or interference therewith, this license may be withdrawn by Landlord upon 24 hours notice to Tenant.

Workers' compensation and public liability insurance and property damage insurance, all in amounts and with companies and on forms reasonably satisfactory to Landlord, shall be provided and at all  times maintained by Tenant's contractors engaged in the performance of the work, and before proceeding with the work, certificates of such insurance shall be furnished to Landlord.

Such entry shall be deemed to be under all of the terms, covenants, and conditions of the Lease except as to the covenant to pay minimum rent or additional rent.  Landlord shall not be liable in any way for any injury, loss or damage which may

9

## EFFECTIVE DATE AGREEMENT

AGREEMENT dated as of this 13th day of August, 2003 between, Westchester Building Company, LLC, a New York limited liability company, having an office at 750 Lexington Avenue, New York, New York 10022, hereinafter referred to as "Landlord," and Ameriquest Mortgage Company, having an office at 1100 Town And Country Road, Suite 410, Orange, California 92868, hereinafter referred to as "Tenant".

## W I T N E S S E T H :

WHEREAS, the parties hereto did enter into a Third Amendment of Lease (the "Amendment") dated the 30th day of July, 2003, whereby Landlord leased and demised unto Tenant the entire ground floor (the "Additional Premises") in the East Building at 333 Westchester Avenue, White Plains, New York as more fully described in said Amendment; and

WHEREAS, Landlord has substantially completed the Base Building Work in the Additional Premises on August 13, 2003, as provided in paragraph 2 of the Amendment; and

WHEREAS, pursuant to the provisions of said Amendment, the parties agreed to execute an agreement confirming the Effective Date of the Amendment.

NOW THEREFORE, the parties hereto agree and acknowledge that the Effective Date of said Amendment shall be the 13th day of August, 2003..

The undersigned, does hereby represent that he is authorized to execute this Agreement for and on behalf of Tenant.

IN WITNESS WHEREOF, the Landlord and Tenant have respectively signed this Effective Date Agreement as of the day and year first above written.

WESTCHESTER BUILDING COMPANY, LLC
By:    Westchester Building Corp.
       its managing member

BY:    _____
       Charles Steven Cohen, President

AMERIQUEST MORTGAGE COMPANY

BY:    _____
       Name:
       Title:    ABE DARWISH
                 V.P. FACILITIES & R.E.